IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                Plaintiff,

     Vs.                            No.  03-40027-02-SAC

MANUEL HERNANDEZ,

                Defendant.

MEMORANDUM AND ORDER

        The defendant is one of two defendants charged in a two-count indictment with drug trafficking offenses.  The defendant pleaded guilty to conspiracy to possess with intent to distribute approximately 1,698 grams of cocaine.  As part of the plea agreement, the government agreed to recommend the full adjustment for acceptance of responsibility, to not file an information pursuant to 21 U.S.C. § 851, and to not request enhancements for use of a juvenile and for protected location.  The presentence report ("PSR") calculates a sentencing range of 120 to 150 months under the Guidelines based on a total offense level of 27 (base offense level of 26, plus a two-level leader/organizer enhancement, plus a two-level enhancement for use of a juvenile, and less a three-level acceptance of responsibility adjustment) and a criminal history category of five.   The addendum

to the PSR reflects three unresolved objections by the defendant.

Defendant's Objection No. 1:  The defendant summarily objects to receiving an enhancement for leader/organizer.

Ruling:  In his objection, the defendant does not contest the facts as stated and appearing in the PSR in support of this enhancement.  "[G]eneralized, perfunctory objections are not specific allegations of factual inaccuracy and are insufficient to controvert a matter such that the district court's fact-finding obligation under Rule 32(c)(1) is invoked."  *United States v. Brown*, 314 F.3d 1216, 1226 (10th Cir.) (quotation and citation omitted), *cert. denied*, 537 U.S. 1223 (2003).  The well-settled rule in this circuit is that when no objection is made the court may treat the facts appearing in the PSR as admitted.  *United States v. Shinault*, 147 F.3d 1266, 1278 (10th Cir.), *cert. denied*, 525 U.S. 988 (1998). The court construes the defendant's objection as challenging only whether the admitted facts in the PSR sustain a leader/organizer enhancement.

"If the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than described in (a) or (b), increase by 2 levels." U.S.S.G. § 3B1.1(c).  The burden of proving this enhancement by a preponderance of the evidence rests with the government.  *United States v. Anderson*, 189 F.3d 1201, 1211 (10th Cir. 1999).  The PSR recommends the enhancement based on a

finding of either a leader or organizer.  This enhancement is intended to address "either the exercise of control over other participants or the organization of others for the purpose of carrying out the crime."  *United States v. Tagore*, 158 F.3d 1124, 1131 (10th Cir. 1998) (citations omitted).  Courts should weigh and consider facts bearing on "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others."  U.S.S.G. § 3B1.1, comment. (n. 4); *see United States v. Baez-Acuna*, 54 F.3d 634, 638-39 (10th Cir. 1995).  These are only factors to consider, "and the guidelines do not require that each be satisfied for § 3B1.1 to apply."  *United States v. Lacey*, 86 F.3d 956, 967 (10th Cir.) (citation omitted), *cert. denied*, 519 U.S. 944 (1996).  "'In considering these factors, the sentencing court should remain conscious of the fact that the gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals,'" for it is not enough that a person is considered "'important or essential.'"  *United States v. Anderson*, 189 F.3d at 1211 (quoting *United States v. Torres*, 53 F.3d 1129, 1142 (10th Cir.), *cert. denied*, 515 U.S. 1152 (1995)).

The enhancement applies to one serving as an organizer in "devising a criminal scheme, providing the wherewithal to accomplish the criminal objective, and coordinating and overseeing the implementation of the conspiracy." *United States v. Valdez-Arieta*, 127 F.3d 1267, 1272 (10th Cir. 1997). "'An organizer arranges a number of people engaged in separate activities into an essentially orderly operation.'" *United States v. Hutching*, 75 F.3d 1453, 1458 (10th Cir.) (quoting *United States v. Smith*, 24 F.3d 1230, 1233 (10th Cir.), *cert. denied*, 513 U.S. 905 (1994)), *cert. denied*, 517 U.S. 1246 (1996). "It is not necessary to find the defendant exercised control over other participants to qualify for an organizer enhancement." *United States v. Tagore*, 158 F.3d at 1131 (citing *United States v. Valdez-Arieta*, 127 F.3d at 1272).

The following facts appear in the PSR, and the same facts are relevant in considering this enhancment. In March of 2003, the defendant telephoned a confidential informant with an offer to sell four kilograms of cocaine at a specified price. They tentatively agreed on the terms of this sale and for the cocaine to be delivered to Salina, Kansas. The defendant later called back saying several persons would leave in one hour and deliver the cocaine to the informant in Salina. Using the excuse that he needed to contact first his partner, the informant delayed the delivery until he spoke with law enforcement. The informant conferred with a

special agent and then telephoned the defendant and asked that the cocaine now be delivered to Topeka.  The defendant agreed in that conversation to this new delivery location.  Over the course of several more telephone conversations, the defendant indicated that three individuals would be delivering the cocaine, that the informant would be contacted an hour prior to their arrival in Topeka and that one of the individuals making the delivery was "Agustin."  Around 7:15 p.m. that same day, the defendant telephoned the informant with news that he was changing the amount of cocaine to be delivered and setting a new price.  The defendant also described the vehicle bringing the cocaine and indicated he could arrange for more cocaine to be delivered the next day.  Thirty minutes later a vehicle fitting the defendant's description arrived at the agreed location.  Its driver was the co-defendant Cleon McKinney, and the passenger was the minor Agustin Frias.  At some point during this delivery of the cocaine, McKinney asked the informant whether he was speaking with Hernandez on the telephone.

These facts amply demonstrate that the defendant planned the sale, negotiated the sale, possessed the power and control to agree and modify the terms of the transaction without consulting others, organized others to deliver the drugs, and coordinated this delivery over the telephone.  The defendant plainly exercised decision-making authority, control over the scope of the illegal activities, and

supervision over the activities of others.  The facts contained in the PSR and the

reasonable inferences drawn therefrom uphold a leader/organizer enhancement.

The court overrules the defendant's objection.

Defendant's Objection No. 2:  The defendant summarily objects to receiving

the enhancement for using a minor to commit the offense.

Ruling:  As with his prior objection, the defendant does not dispute the facts

appearing in the PSR in support of this enhancement.  Thus, the court will limit its

consideration to whether those facts sustain an enhancement for use of a minor.

"If the defendant used or attempted to use a person less than eighteen years of age

to commit the offense . . ., increase by 2 levels."  U.S.S.G. § 3B1.4  During his

telephone conversations with the informant, the defendant indicated that a person

named, "Agustin" would be contacting the informant about the delivery of the

cocaine.  Agustin Frias was a passenger in the car delivering the cocaine being sold

by the defendant.  Agustin was a person less than eighteen years of age at the time

of the offense.  During the transaction, Agustin retrieved a paper bag containing the

cocaine from the trunk and handed it to the undercover agent.  When asked if the

bag contained the cocaine, Agustin answered, "yeah."  These undisputed facts

demonstrate the defendant used Agustin to deliver the cocaine and justify imposing

the recommended the two-level enhancement for use of a juvenile.  The defendant's

objection is overruled.

Defendant's Objection No. 3:  The defendant objects to the criminal history points scored for his conviction described in ¶ 45.  The defendant argues this conviction should not be scored as part of his criminal history, because the conviction occurred after the date of the offense in the instant case.

Ruling:  The PSR scores three criminal history points for the defendant's federal conviction in December of 2004 in the Western District of Texas. In that case, the defendant received concurrent 36-month sentences on counts one and two and a consecutive 60-month sentence on count three.  "[F]or each prior sentence of imprisonment exceeding one year and one month," a defendant receives three criminal history points.  U.S.S.G. § 4A1.1(a).  A "'prior sentence' means any sentence previously imposed upon adjudication of guilt, . . ., for conduct not part of the instant offense."  U.S.S.G. § 4A1.2(a)(1).  Application note one expounds on this definition:

> Prior Sentence.  "Prior sentence" means a sentence imposed prior to sentencing on the instant offense, other than a sentence for conduct that is part of the instant offense.  See § 4A1.2(a).  A sentence imposed after the defendant's commencement of the instant offense, but prior to sentencing on the instant offense, is a prior sentence if it was for conduct other than conduct that was part of the instant offense.

U.S.S.G. § 4A1.2, comment. (n.1)  Under these definitions used in the Guidelines,

it is of no significance that the defendant was sentenced in Texas after the instant

offense was committed.  The defendant points to nothing in the Guidelines or in

case law in support of his argument.  The Guidelines plainly contemplate that a

court will consider as part of a defendant's criminal history any sentence imposed

prior to the sentencing on the instant offense without regard for the fact that the

instant offense may have been committed prior to the other sentencing.  The PSR

correctly applies the Guidelines in this regard.  The defendant's objection is

overruled.

IT IS THEREFORE ORDERED that the defendant's objections to

the PSR are overruled.

Dated this 27th day of January, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge